```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
JAMES BROADHEAD                    :
AIS #224802,                       :
     Plaintiff,                    :
                                   :
vs.                                :    CIVIL ACTION 13-295-KD-M
                                   :
GWEONDOLYN GIVENS,                 :
     Defendant.                    :
```

                    REPORT AND RECOMMENDATION

This § 1983 action, filed by James Broadhead, an Alabama prison inmate proceeding *pro se,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. After review of Plaintiff's Complaint (Doc. 1), the Court has discovered that this action is subject to the provisions of 28 U.S.C. § 1915(g) and is due to be dismissed for the reasons stated below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Examining the records of the United States District Court for the Southern, Middle and Northern Districts of

Alabama, the Court has discovered that Plaintiff has three or more *in forma pauperis* actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Broadhead v. Hopkins*, CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010)(dismissed as frivolous); *Broadhead v. McConuco*, CA 09-0384-CB-N (S.D. Ala. May 21, 2010)(dismissed as frivolous); *Broadhead v. Kirrire*, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010)(dismissed as frivolous); and *Broadhead v. O'Brian*, CA 10-475-JHH-RRA (N.D. Ala. June 22, 2010)(dismissed as frivolous).  Thus, Plaintiff's allegations in the present action come within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present actions pursuant to § 1915(g), Plaintiff's allegations need to satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing Plaintiff was "under imminent danger of serious physical injury."  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(The plaintiff must face imminent danger of serious

2

physical injury at the time the complaint is filed, not at a prior time); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Ball v. Allen*, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(citation and quotation marks omitted)(unpublished)(To satisfy the exception to § 1915(g), the plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]").  Plaintiff, however, has not done this.

In this action, Plaintiff alleges that, as a result of an incident allegedly occurring on April 15, 2013 (Doc. 1 at 5), that "Defendants acted . . . with deadly excessive force [when he] was beat [sic] and struck with security sticks by (4) officers named herein as Defendants . . . 908 times by the (4) named Defendants [and he] was placed in 2 free world hospital where [it was determined that] he had a broken arm in (3) places[,] staples in the head[,] and (3) or (4) teeth knocked out . . . [and] had fracture to his feet and ankle area." (*Id.* at 1-2).  There are also disconnected allegations of Plaintiff being "put on transfer [from] Holman Correctional . . . as there were

threats on the Plaintiff life."  (*Id.* at 1).  "Therefore the Plaintiff was [transferred to] 'Cooper Green Hospital' for his safety."  (*Id.*).  *See McNamee v. Social Sec. Admin.*, 164 F. App'x 919, 921 (11th Cir. 2006)(unpublished)(noting that Cooper-Green Hospital is in Birmingham, Alabama).[1]  Plaintiff also alleges being put in a "dry-cell without a bed, mattress and linens, nor towel, soap, toothpaste, shower shoes, nor tissue."  (Doc. 1 at 11).  Plaintiff alleges that these injuries occurred on April 15, 2013.  (*Id.* at 5).  It is noted that the Complaint was filed on or about May 31, 2013.  (*Id.* at 13, postmark on complaint's envelope).  Thus, at the time of the Complaint's filing, the complained of incident had occurred approximately six weeks prior to the filing.

Furthermore, after a review of the Complaint's allegations, the Court does not find a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint in this action because he previously filed a complaint containing the same or similar allegations in November of 2011 in *Broadhead v. Desdpain*, CA 11-656-KD-C (*see Desdpain*, Doc. 1 at 10).  If the same or similar allegations occurred near November of

---

[1]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

4

2011, approximately a year and seven months prior, the present allegations cannot possibly be imminent, nor do they demonstrate that a serious injury is about to occur.

*Desdpain, supra,* is not the only other action filed by Plaintiff wherein he complains of being assaulted by officers in a similar manner and alleging similar injuries.[2] In *Broadhead v. Kirrire*, CA 10-053-VEH-RRA (N.D. Ala. Nov. 30, 2010), the magistrate judge recommended Plaintiff's § 1983 action based on a similar assault be dismissed as frivolous, stating that "[a]lthough on its face the plaintiff's complaint would appear to state a cognizable claim of excessive force that could survive the initial screening process, a review of other recent actions filed by the plaintiff indicates that his allegations are fanciful and therefore frivolous."  (Doc. 10 at 2).  The court observed that the assault and injuries are nearly identical to those in plaintiff's numerous other cases and proceeded to list them, namely, Northern District case numbers: 10-439, 10-806, 10-1028, 10-1141, 10-1142, 10-53, 10-54, 10-113, 10-350, 10-388, 10-751, 09-2473, 09-2512, and 09-2606, and Southern District case numbers: 10-241,

---

[2]   As of this date, PACER (Public Access to Court Electronic Record) reflects that Plaintiff has filed approximately seventy-four actions, with thirty-three actions having been filed with this Court.

5

10-12, and 10-129.  (*Id.* at n.3).  The court found that the assault and injuries remained the same in these actions, but the defendants, date of assault, location and number of blows inflicted, changed.  (*Id.* at 3-4).  Thus, the filing of repetitive actions based on similar assaults with similar injuries over the years corroborates the undersigned's conclusion that Plaintiff did not face an "imminent danger of serious physical injury" at the time of the filing.

Clearly, in the present action, Plaintiff is complaining about past conduct.  Considering Plaintiff's present allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time the Complaint was filed.  Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400[3] filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he

---

[3]  Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400.  The $50 fee does not apply to persons proceeding *in forma pauperis*.

*initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)(holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 1st day of July, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE